

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | | |
|---|---|---|
| TYRESE DASHAWN JOHNSON, | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 5:25-2684-MGL |
| | § | |
| SHANE JACKSON, | § | |
| Defendant. | § | |

---

### ORDER ADOPTING THE REPORT AND RECOMMENDATION
### AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

---

Plaintiff Tyrese Dashawn Johnson filed this 42 U.S.C. 1983 action against Defendant Shane Jackson, who, at the time of the events discussed herein, was the warden of Lee Correctional Institution, the facility where Johnson was then incarcerated. Johnson brings claims under the Eighth Amendment, the Fourteenth Amendment, and the Restatement of Torts. He is representing himself.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court Jackson's motion for summary judgment be granted. The Magistrate Judge filed the Report in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 5, 2026, the Clerk of Court entered Johnson's objections to the Report on May 21, 2026, and Jackson filed his reply to Johnson's objections on May 26, 2026.  The Court has carefully considered Johnson's objections, but holds them to be without merit.  It will therefore enter judgement accordingly.

The gist of Johnson's complaint is his dorm in prison is too hot in the summer, it has caused him several injuries, and Jackson is responsible.  Therefore, he has brought an action against Jackson in this Court, claiming violations of his constitutional rights.

Johnson offers four objections to the Report.  According to Johnson,

> [t]he first objection is to the response of the [Report] and how [his] claim do[es] rise to the level of a constitutional violation and his claims do create a genuine issue of dispute from all the evidence submitted into the record that establishes whether [Jackson] [who] housed [him] in an adverse did in fact knowingly have knowledge of it and have knowledge of my injuries from from the environment which were addressed.

Objection at 1.  That is the sum total of Johnson's first objection.  Missing here are any facts to support his alleged constitutional violations.  All he presents are conclusory statements and conclusions of law.  Consequently, the Court will overrule Johnson's first objection.

In Johnson's second objection, he argues the Magistrate Judge erred in the analysis of his supervisory liability claim against Jackson. The Magistrate Judge states in the Report "a review of the pleadings in this case show[s] . . . Johnson does not allege . . . Jackson failed to supervise other officials' improper conduct; rather, Johnson argues . . . Warden Jackson himself failed to take

appropriate action to alleviate said constitutional violations." Report 5-6. The Magistrate Judge is correct in this assessment. In Johnson's objections, however, he contends "Jackson did in fact ha[ve] knowledge of his subordinates" alleged violations of Johnson's Eighth Amendment rights. Objections at 1.

"The plaintiff . . . assumes a heavy burden of proof in supervisory liability cases. He not only must demonstrate . . . the prisoners face a pervasive and unreasonable risk of harm from some specified source, but he must show . . . the supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practices." *Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984) (citation omitted) (internal quotation marks omitted) (alteration marks omitted).

There are at least two problems with Johnson's objections. First, Johnson has failed to establish a constitutional violation inasmuch as he is unable to "demonstrate [he] face[d] a pervasive and unreasonable risk of harm from some specified source[.]" *Slakan*, 737 F.2d at 373. His conclusory allegations to the contrary are insufficient to make out such a claim.

And second, Johnson has neglected to demonstrate Jackson's "corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practices." *Id*. For these reasons, the Court will also overrule Johnson's second objection.

Johnson's third objection consists of a page and a half of single-spaced handwritten hard-to-follow prose.

Johnson "contends the Magistrate Judge used the proper analysis in *Chandler* . . . with dealing with heat temperatures with the prison system[,] which in the case it details how the temperatures must be adequate enough[,] but not too extreme." Objections at 2.

3

But, the *Chandler* court, presented with "temperature[s] . . .recorded at ninety-five degrees or higher on . . . seven occasions," *Chandler v. Crosby*, 379 F.3d 1278, 1297 (11th Cir. 2004), held "extreme deprivations are required to make out a conditions-of-confinement claim under the Eighth Amendment.  Under the standards we apply, we cannot say . . . the prisoners [in the dorm at issue] have cleared this high bar." *Id*. at 1298.  Thus, this case cuts against Johnson's claims in this lawsuit inasmuch as all the recorded temperatures in Johnson's dorm were less than ninety degrees.

Johnson cites to *Ross v. Warden*, Civil Action No. JKB-18-2078, 2019 WL 3779748 (D. Md. Aug. 9, 2019) in support of his claims.  But, *Ross* is neither binding nor on point.

In denying the defendant's motion for summary judgment in *Ross*, the court noted the plaintiff "alleges . . . the temperature in the cell exceeded 100 degrees[;] [h]owever, there is nothing in the record to dispute or verify that information." *Id.* at \*5.  But, in this case, the temperature readings, all less than ninety degrees, are contained in the record.

The *Ross* court also stated, "[b]ased on the record presented to the Court, it is unclear whether [the plaintiff] has experienced medical issues because of inhumane conditions at [the prison] and, therefore, a genuine dispute of material fact exists as to whether [the plaintiff] has experienced injury resulting from the conditions." *Id*.  "As such," according to the *Ross* court, it "cannot determine as a matter of law whether the Warden maintains unconstitutional conditions of confinement, precluding summary judgment in his favor." *Id*.

Here, Johnson's medical records are available, but they fail to show he suffered any serious or significant injuries caused by the high temperatures in his dorm.  They do, however appear to demonstrate Johnson received medical care for the injuries he contends were caused by the heat.  He neglects to allege he failed to receive proper medical treatment.  Instead, his claims are solely related

to the conditions of his confinement: the lack of air conditioning. A constitutional violation is unable to rest upon such a feeble basis.

It is important to note: absent from the complaint is any contention Jackson had any knowledge related to Johnson's medical care. Thus, inasmuch as Jackson was unaware of Johnson's medical conditions allegedly caused by the heat, the Court is unable to hold him liable for anything to do with those medical conditions.

Finally, Johnson "argues a genuine issue of dispute exist[s] to the actual temperature readings in [his] cell and whether they were inhumane and [whether] an injury [can] result." Objections at 3. Johnson, however, neither develops his argument as to whether the temperatures in the record are accurate, nor provide any evidence to the contrary.

Assuming they are accurate, and they were all less than ninety, in light of the persuasive authority in *Chandler*, which held "temperature[s] . . .recorded at ninety-five degrees or higher on . . . seven occasions," . . . failed "to make out a conditions-of-confinement claim under the Eighth Amendment." *Chandler*, 379 F.3d at 1297-98. "To the extent . . . such conditions are . . . harsh, they are part of the penalty . . . criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

"The Eighth Amendment does not prohibit cruel and unusual prison conditions; it prohibits cruel and unusual punishments. If a prisoner has not suffered serious or significant physical or mental injury as a result of the challenged condition, he simply has not been subjected to cruel and unusual punishment within the meaning of the Amendment." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993). Thus, inasmuch as Johnson has failed to show he "suffered serious or

significant physical or mental injury as a result of [the hot temperatures in his dorm], he simply has not been subjected to cruel and unusual punishment within the meaning of the Amendment." *Id*. Accordingly, the Court will overrule Johnson's third objection, too.

Fourth, Johnson maintains the Magistrate Judge erred in concluding Jackson is entitled to qualified immunity as to his constitutional claims.

In carrying out the qualified immunity analysis, the Court's "first task is to identify the specific right . . . the plaintiff asserts was infringed by the challenged conduct." *Winfield v. Bass*, 106 F.3d 525, 530 (4th Cir. 1997) (en banc). The Court then engages in a two-step inquiry, asking "whether a constitutional violation occurred" and "whether the right violated was clearly established" at the time of the official's conduct. *Melgar ex rel. Melgar v. Greene*, 593 F.3d 348, 353 (4th Cir. 2010). Courts have discretion to take these steps in either order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

As the Court held above, Johnson has failed to establish Jackson violated his constitutional rights. But, even if the Court where somehow someway to determine there was such a violation, as the Magistrate Judge opined, "[t]he record supports a finding . . . Jackson was not aware of a clearly established right to inmate facilities with air conditioning. To the contrary, the evidence in the record suggests . . . Lee was organized and designed without the requirement of an [air conditioning] system in mind." Report at 14.

The Court agrees. Therefore, even if Johnson is held to have established a violation of his constitutional rights, Jackson is protected by the doctrine of qualified immunity. Thus, Johnson's fifth objection will also be overruled.

Johnson's remaining argument are so meritless as to make any discussion of them unnecessary.  They, therefore, will be overruled, too.

The Court notes Johnson neglects to object to the Magistrate Judge's recommendation the Court grant Jackson summary judgment on his Restatement of Torts and Fourteenth Amendment claims.  Finding no clear error in the Report, the Court will grant this relief to Jackson for the reasons set forth in the Report.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Johnson's objections, adopts the Report, and incorporates it herein. It is therefore the  judgment of the Court Jackson's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 23rd day of July, 2026, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.